UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brian Dziewecynski,

    Plaintiff,

v.

United States of America,

    Defendant.

ORDER
Civil No. 04-3080

_____

    Daniel W. Schermer, Daniel W. Schermer, P.A. for and on behalf of Plaintiff.

    Stephanie Page, Trial Attorney, Tax Division, United States Department of Justice for and on behalf of Defendant.

_____

This matter is before the Court upon Defendant's motion for partial summary judgment. For the reasons stated below, the motion will be granted.

Background

In this action, Plaintiff seeks a refund of a trust fund recovery penalty assessed against him. The penalty was assessed on May 10, 1993. Plaintiff proceeded to make payments towards this penalty over the next ten years. On June 18, 2003, the penalty was paid in full. Plaintiff thereafter filed a claim for refund on December 8, 2003 for the total amount paid toward the penalty.

By this motion, Defendant seeks only to limit the amount of Plaintiff's potential recovery to those amounts paid toward the penalty after December 8,

2001.  Only one of the payments made by Plaintiff was within this time period, which was a $39,603.46 payment made on June 18, 2003.  Plaintiff responds that he is entitled to seek a refund of all monies paid, and a refund claim cannot be filed until the amount assessed is paid in full.

It is settled law that a claim for a tax refund cannot be made until after the amount assessed has been paid in full.  <u>Flora v. United States</u>, 357 U.S. 63, 68 (1958).  What is at issue here is whether the relevant statute of limitations for bringing such a suit is tolled during that period of time in which the penalty is being paid.

Title 26 U.S.C. § 6511(a) provides the relevant statute of limitations:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed by the taxpayer, or 2 years from the time the tax was paid, whichever of such periods expires the later . . .

In this case, Plaintiff did not file a claim within 3 years from the time the return was filed, therefore the applicable statute of limitations is 2 years from the time the tax was paid.

Title 26 U.S.C. § 6511 further provides for limits on the amount of credit or refund allowable.  Specifically,  § 6511(b)(1)(B) provides "[i]f the claim was not filed within such 3 year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the

filing of the claim." It is thus clear that Plaintiff is only entitled to a refund of that portion of the tax paid during the two years preceding December 3, 2003 - the date he filed his claim.

Consistent with this statutory interpretation, the Supreme Court in <u>Flora</u> noted:

> While a free course of remonstrance and appeal is allowed within the departments before the money is finally exacted, the general government has wisely made the payment of the tax claimed, whether of customs or of internal revenue, a condition precedent to a resort to the courts by the party against whom the tax is assessed. * * * If the compliance with this condition (that suit must be brought within six months of the Commissioner's decision) requires the party aggrieved to pay the money, he must do it. *He cannot, after the decision is rendered against him, protract the time within which he can contest that decision in the courts by his own delay in paying the money.* It is essential to the honor and orderly conduct of the government that its taxes should be promptly paid, and drawbacks speedily adjusted; and the rule prescribed in this class of cases is neither arbitrary nor unreasonable. 'The objecting party can take his appeal. He can, if the decision is delayed beyond twelve months, rest his case on that decision; or he can pay the amount claimed, and commence his suit at any time within that period. So, after the decision, he can pay at once, and commence suit within the six months.

<u>Id.</u> at 68 (emphasis added)(citing <u>Cheatham v. United States</u>, 92 U.S. 85, 88-89 (1875)). <u>See</u> <u>also,</u> <u>United States v. Brockamp</u>, 519 U.S. 347, 350 (1997)(noting that Section 6511 sets forth the limitations in an unusually emphatic form).

Plaintiff further argues that the doctrine of equitable tolling should be applied here, because he was specifically directed by an IRS agent to pay the penalty in full before he could bring a refund claim. Dzieweczynski Affidavit,

Plaintiff Ex. 1.[1]  Having followed these instructions, he should not be penalized by limiting his recovery pursuant to the applicable statute of limitations.  In support, Plaintiff cites to Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990).  In Irwin, however, the plaintiff had brought an employment discrimination claim against his government employer.  Thus, the issue of equitable tolling arose with respect to employment discrimination claims.

With respect to taxpayer claims seeking refunds, the Supreme Court has held that equitable tolling is not available.  Brockman, 519 U.S. at 354 ("For these reasons, we hold that Congress did not intend the "equitable tolling" doctrine to apply to § 6511's time limitations.")

IT IS HEREBY ORDERED that Defendant's Motion for Partial Summary Judgment [Docket No. 8] is GRANTED.  Accordingly, it is determined that Plaintiff Brian Dzieweczynski is barred from claiming a refund for his payments made prior to December 8, 2001.

Dated: September 26, 2005

                                                      s/ Michael J. Davis
                                                      MICHAEL J. DAVIS
                                                      UNITED STATES DISTRICT COURT

---

[1] The letter actually states "When you have paid the amount due, you may file a claim for a refund.  If you file a claim, you should do so within two years after the tax was paid. . . "